IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Anthony Jerome Harmon, | ) | C/A NO. 4:12-3417-CMC-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Bruce M. Bryant; James F. Arwood; | ) | |
| Richard L. Martin, Jr.; James Garvin; | ) | |
| James Jewell, MD; Tammy M. Dover, RN; | ) | |
| York County Sheriff Department; York | ) | |
| County Detention Center, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on Plaintiff's *pro se* complaint, filed in this court pursuant to

42 U.S.C. § 1983.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this

matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial

proceedings and a Report and Recommendation ("Report"). On December 20, 2012, the Magistrate

Judge issued a Report recommending that Defendant York County Sheriff Department be dismissed

from this matter without prejudice and without service of process. The Magistrate Judge advised

Plaintiff of the procedures and requirements for filing objections to the Report and the serious

consequences if he failed to do so. Plaintiff filed objections to the Report on January 2, 2013.

The Magistrate Judge makes only a recommendation to this court. The recommendation has

no presumptive weight, and the responsibility to make a final determination remains with the court.

*See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo*

1

determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review as to objections made, and considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court agrees with the conclusions of the Report. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order. Additionally, the court also directs the Clerk to add Defendant York County Detention Center (YCDC) to the listed Defendants in this matter.

Plaintiff's objections first indicate that his name is incorrectly listed on the docket of this matter and in the Report. The court hereby directs the Clerk to correct the docket of this matter to reflect Plaintiff's name as Anthony Jerome Harmon.

Plaintiff's complaint clearly lists Defendant York County Detention Center as a Defendant in this matter, and Plaintiff seeks relief from this Defendant. *See* Compl. at 8 (ECF No. 1). The docket of this matter does not list YCDC as a defendant, nor does the Report address this Defendant. However, Plaintiff argues in his objections that "it would be a miscarriage of justice to summarily dismiss . . . the York County Sheriff Department *and York County Detention Center*" from this matter. Obj. at 3 (ECF No. 17) (emphasis added).

The York County Detention Center is a group of buildings or a facility. Inanimate objects, such as buildings, facilities, and grounds, do not act under color of state law. Hence, the YCDC Center is not a "person" subject to suit under 42 U.S.C. § 1983. *See Preval v. Reno*, 57 F. Supp. 2d

307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."); *Cf. Roach v. West Virginia Regional Jail and Correctional Facility*, 74 F.3d 46, 48 (4th Cir. 1996). Accordingly, despite Plaintiff's objections, Defendant York County Detention Center must be, and is, dismissed from this matter without prejudice and without issuance and service of process.

As to Defendant York County Sheriff Department, Plaintiff contends that this Defendant should not be dismissed because this Defendant is "clear[ly]" an "arm of the State Government," Obj. at 1, and it would be a "miscarriage of justice" to dismiss this Defendant. Obj. at 3. However, this contention is without merit. Accordingly, Defendant York County Sheriff Department is dismissed without prejudice and without issuance of process.

This matter is returned to the Magistrate Judge for further pretrial proceedings.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
January 14, 2013

3